

# THE ATTORNEY GENERAL
## OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711

October 6, 1967

Honorable E. E. Coon
County Attorney
Sherman County Courthouse
Stratford, Texas

Opinion No. M-144

Re: Obligations of the Texhoma Memorial Hos-
pital District.

Dear Mr. Coon:

In your recent opinion request you have submitted the following facts:

1. The 60th Legislature created a hospital district in Sherman County, with boundaries identical with those of the Texhoma Independent School District, to be known as the Texhoma Memorial Hospital District, subject to approval by the taxpaying voters living within the boundaries of the district Acts 60th Leg. R.S. 1967, Ch. 442, p. 954. The Act creating the district became effective August 28, 1967.

2. Prior to the effective date of the Act creating the hospital district, the Commissioners' Court of Sherman County received a petition signed by the requisite number of voters requesting that the Court call an election to authorize the county to issue bonds for a county-wide hospital pursuant to Article 4478, Vernon's Civil Statutes. The Commissioners' Court has not called such election.

3. A petition requesting the Commissioners' Court to call an election for the purpose of approving the creating of the Texhoma Memorial Hospital District has been filed with the Commissioners' Court, but the election has not been called.

4. The Texhoma Independent School District comprises one-fourth to one-third of the territory of Sherman County.

Based upon these facts, you have asked whether hospital bonds voted for in a county-wide election subsequent to the creation of the Texhoma Memorial Hospital District would be an obligation of the District.

Article 9, Section 9 of the Texas Constitution which authorizes the Legislature to create hospital districts states, in part: ". . . providing that after its creation no municipality or political subdivision shall have the power to levy taxes or issue bonds or other obligations for hospital purposes or for providing medical care within the boundaries of the district . . ."

-671-

The District, if it is approved by the taxpaying electors, will have exclusive authority and responsibility in all hospital matters within its boundaries. We accordingly hold that the District would not be obligated to pay any hospital bonds which were voted for subsequent to its creation by another governmental entity. These county bonds would then be a nullity by virtue of the above quoted provision of the Constitution, in the event the election authorizing the issuance of the county bonds was county-wide, that is the election was for the whole county and included the territory of the Texhoma Memorial Hospital District.

You have also asked whether hospital bonds voted for in a county-wide election would become an obligation of the proposed District if they were voted prior to the approval of the district by the voters.

Article 9, Section 9 of the Texas Constitution also states, in part:

". . . providing that any district so created shall assume full responsibility for providing medical and hospital care for its needy inhabitants *and assume the outstanding indebtedness incurred by cities, towns and counties for hospital purposes prior to the creation of the district, if same are located wholly within its boundaries, and a pro rata portion of such indebtedness based upon the then last approved tax assessment rolls of the included cities, towns and counties if less than all the territory thereof is included within the district boundaries, . . ."*

Clearly under the Constitution, the District, after its approval will be liable only for a pro rata portion of the valid *outstanding* hospital indebtedness of the county. It is our opinion that the District would not be obligated to pay a pro rata portion of county hospital bonds which have been voted for but unissued at the time of the approval by the voters of the creation of such District. If the County had outstanding valid hospital indebtedness at the time of the creation and approval of the District, the District would have to assume a pro rata portion of such indebtedness and levy an appropriate tax for the retirement thereof in accordance with the provisions of Article 9, Section 9 of the Texas Constitution.

## SUMMARY

Bonds voted for in a county-wide election held subsequent to the creation and approval of the proposed Texhoma Memorial Hospital District will not become obligations of such district upon issuance by the County. The Texhoma Memorial Hospital District must assume only a pro rata share of the valid outstanding indebtedness incurred by the county for hospital purposes prior to the creation of the District.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

-672-

Prepared by John W. Fainter, Jr.
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Hawthorne Phillips, Chairman
Kerns B. Taylor, Co-Chairman
W. V. Geppert
Pat Cain
Paul Martin
Bill Allen

STAFF LEGAL ASSISTANT
A. J. Carubbi, Jr.